### CHARLES COBURN *vs.* ELI P. PARKER.

Upon the recovery of judgment against principal and surety on a promissory note, the principal gave a note to the surety, who indorsed it, had it discounted and applied the proceeds to the payment of the judgment. The principal not paying the second note at maturity, the surety paid it by giving a third note (which he afterwards paid) made by himself and indorsed by the principal. *Held*, that the surety could recover of the principal the amount of the second note; and that his right to do so was not affected by his having said before the third note fell due that he did not know whether the second note was of any value.

A surety to whom the maker of a promissory note has assigned a bond for a deed may, upon being obliged to pay the note, recover the amount of the note from a prior party, in the absence of evidence that he could by due diligence have obtained anything by enforcing the bond.

MERRICK, J. The points in controversy between the parties in this case are chiefly in relation to questions of fact involved in the issue. The action is brought by the plaintiff as indorsee of a promissory note made by the defendant and Milo Peirce, who therein jointly and severally promised Franklin Coburn to pay him or order in four months after date eleven hundred dollars for value received. The answer admits the due execution of the note ; but alleges that it was not transferred or indorsed until after it was overdue and dishonored ; that it was given for no benefit to, nor for any value received by, the defendant, but merely for the accommodation of Peirce ; that it has in fact been paid ; or, if not paid, that security for its payment was given to Franklin Coburn, who afterwards, without the consent

or knowledge of the defendant, surrendered and delivered it up
to Peirce, from whom he received it. The plaintiff concedes
that the note was transferred to him after it was overdue; and
that he holds it subject to any defence which might have been
made against it in the hands of Franklin Coburn, at whose
instigation and for whose benefit it is admitted that this suit
was commenced and continues to be prosecuted. Under direc-
tion of the judge who presided at the trial, and with the con-
sent of the parties, a verdict was taken for the plaintiff for an
amount agreed to be due, if the plaintiff is entitled to recover,
upon which judgment is to be entered, unless the whole court
shall be of opinion that the evidence reported for their consider-
ation is insufficient to support it.

From this evidence it appears that Milo Peirce was indebted
to Wasson, Peirce & Co., and that for the amount of this in-
debtedness they held two promissory notes, signed by him as
principal, by George Pierce and the defendant, as his sure-
ties, and by Franklin Coburn as surety for the sureties. This
statement concerning the form of the note, and the respective
liabilities of the several parties to it, to and for each other,
was testified of by Franklin Coburn, and his testimony, which
in this particular is in no way directly or indirectly contradicted,
denied or invalidated, must be taken to be true. These notes
not having been paid at their maturity, a suit was commenced
upon them by Wasson, Peirce & Co., who recovered judgment
thereon against all the parties by whom they were signed. To
obtain money to meet and discharge that judgment, the note
declared on in this action was made by Milo Peirce and the de-
fendant, payable to Franklin Coburn. By his indorsement he
transferred it to the Lowell Bank, where it was discounted; and
the proceeds were received by Milo Peirce, and applied, accord-
ing to the understanding and agreement of all the parties, to the
satisfaction of the judgment which had been recovered against
them. Had this note, upon its being dishonored at its maturity
by the makers, been taken up by Franklin Coburn, the indorser,
with his own money, it is not denied that he could have main-
tained an action against them for the recovery of its contents.

The consideration of it in his hands would have been the payment of a debt for which they were both liable, and against which they were both bound to indemnify and save him as their surety harmless. Now from an examination of the evidence as to what was actually done, it appears that that note, not being paid at maturity by its makers, was taken up by Coburn with his own money, procured upon his own credit, and that he has ever since retained and held possession of it as his own. He made his own note for $1000, payable to Milo Peirce, which, being indorsed by him and by the defendant, was discounted at the bank; and it is argued that the proceeds of it, (which were certainly his own, since he was principal and bound to pay it,) were appropriated to the payment in the Lowell Bank of their note, upon which he was liable as indorser. It was thus that he himself paid the Lowell Bank. Nor is this conclusion to be prevented or rendered doubtful by what George Peirce testifies was said by Coburn at a later period. What he may have said to this witness could not affect his own rights or diminish the obligations of others. If therefore he said to George Peirce, in answer to the inquiry whether Milo owed him, " that he was on for a thousand dollars for him, which he had not then paid, as the note " (meaning the note for $1000 which he had signed) " was not then due," and " that he did not know whether the old note, which he then held," (meaning the note now in suit,) " was good for anything or not," the actual character of the transaction between the original parties was not at all affected by any of these declarations. It is possible, and, if the testimony of this witness is strictly correct, it is probable, that he was uncertain or did not fully appreciate what his rights were. But they were not lost or affected by any misapprehension or even by any misstatements concerning them.

In this way Franklin Coburn took up and became entitled to be considered the holder and owner of the note now in suit, for a full and valuable consideration. It is indeed contended by the defendant that Coburn was not the sole principal in the note signed by him, but that it was the joint and several note of himself and Parker. And it is insisted that this is shown by

the testimony of Coburn himself, who, upon cross-examination, said he thought that Parker's name was written on the note before his own ; and by the testimony of Ordway, the cashier, who stated that the name of Parker preceded that of Peirce in the books of the bank in the column of indorsers.   Undoubtedly it is true that if a person other than the payee writes his name 'n blank upon a promissory note at the time of its inception, he thereby makes himself a joint and several promisor with him who writes his name on its face.   *Baker* v. *Briggs,* 8 Pick. 122. *Chaffee* v. *Jones,* 19 Pick. 260.   *Austin* v. *Boyd,* 24 Pick. 64. But that is not satisfactorily shown to have been the fact in the present case ; for, notwithstanding what fell from Coburn upon his cross-examination, it seems to be clear, as well from collateral circumstances as from his express testimony to that effect, that Parker, by placing his name upon the paper, was not expected by any one, nor did he himself intend, to become. a principal in the transaction.   He says that the note was made by him-self, and that Parker as well as Peirce was an indorser upon it.   He was so treated by others, and he acted for himself as if he stood only in that relation.   His name was placed on the books of the bank in the column of indorsers ; and he never afterwards gave any attention to the payment of the note, (which he should have done if he had been a joint promisor,) but left it wholly to Coburn, by whom it was ultimately paid.   It was paid with the proceeds of a fourth note, to which he was not a party even as surety or indorser, but made by Coburn as principal, and by Peirce and Weld Spaulding as indorsers. This last note was taken up by the substitution of a fifth, made by the same parties, standing to each other upon it in the same relation as before, which at its maturity was paid by Coburn with money of his own.   Thus tracing the proceed-ings of the parties through these various transactions, it appears that the note in suit was given to Franklin Coburn upon the consideration that he should pay the debt which was due to Wasson, Peirce & Co. from the makers ; that he did pay it accordingly ; that he has received nothing else for that pay-ment, and therefore that the plaintiff in his behalf is now well

entitled to maintain the present action for recovery of its contents.

In relation to the further ground of defence set up in the answer, that Coburn has surrendered or released to Peirce the security received from him, the defendant has failed altogether to establish the fact alleged. It only appears that Peirce, holding a bond against Joseph Reed for the conveyance of certain real estate upon specified payments to be made therefor, delivered it to Coburn with a view to his protection against the consequences of signing the notes to Wasson, Peirce & Co. Whether it was assigned to him in such a manner that he could legally avail himself of it is not shown. But if, upon the facts disclosed, it is fairly to be inferred that this bond was actually transferred to him by the due execution of some suitable and sufficient instrument for that purpose, he is still, for aught that appears to the contrary, the owner or assignee, entitled to all the benefits and advantages of it. He testifies that he never released it; and, what is equally material, that he never got anything from it. Nor is it otherwise shown that the contract was of any value, or that the real estate, which was to be conveyed according to the condition, was worth procuring at the price stipulated to be paid for it. As nothing has in fact been realized by means of the bond, and as it has not been shown that by the exercise of the utmost diligence it could have been made available to Coburn for any useful purpose, it is obvious that the possession of such an ineffectual and merely nominal security ought not to prevent him from recovering the money to which he is justly entitled. If the bond should hereafter prove to be of any value, he will hold it in trust for those to whose use it should enure.

Upon a revision of the whole evidence, we think it is clearly sufficient to warrant, and to require, the verdict which was returned for the plaintiff, and judgment must therefore be entered upon it.

*D. S. Richardson*, for the plaintiff.

*S. A. Brown & T. H. Sweetser*, for the defendant.